IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMEKA JUSTICE, individually, and
as Guardian ad Litem for ACQUCER
HILL, a minor,

        Plaintiff,        No. 2:10-cv-0915 KJM KJN

     v.

COUNTY OF YUBA AND THOMAS
OAKES,

        Defendant.        <u>ORDER</u>
_____/

On September 19, 2011, defendants filed a motion to compel plaintiff's responses to discovery requests, and noticed that motion for a hearing to take place before the undersigned on October 20, 2011.[1]  (Notice of Mot. & Mot. to Compel, Dkt. No. 30.)  However, the applicable scheduling order requires that all discovery be "**completed** by **September 30, 2011**."[2]  (Status (Pretrial Scheduling) Order at 2, Dkt. No. 27.)  The term "completed" is defined in the scheduling order to mean that "all discovery shall have been conducted so that all depositions

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

[2] Although some of the dates in the original scheduling order were subsequently modified on September 1, 2011, the discovery completion deadline was not modified.  (<u>See</u> Minute Order, Sept. 1, 2011, Dkt. No. 29.)

have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed." (Id.) Because plaintiff's motion, as noticed, necessarily violates the discovery completion deadline set in the district judge's scheduling order in this case, plaintiff's motion is denied. However, such denial is without prejudice to the re-noticing of the motion if defendants successfully move the district judge in this case to modify the September 30, 2011 discovery completion upon a showing of "good cause." See Fed. R. Civ. P. 16(b)(4) (providing that "[a] schedule may be modified only for good cause and with the judge's consent"); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992) (discussing the meaning of "good cause" in the context of modification of a scheduling order).

Accordingly, IT IS HEREBY ORDERED that defendants' motion to compel (Dkt. No. 30) is denied without prejudice.

IT IS SO ORDERED.

DATED: September 20, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE